IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHAD ANDERSON, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 11-0506-CV-W-SOW |
| ) | |
| HIGH-TECH INSTITUTE, et. al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are High-Tech Institute's Motion for Partial Judgment on the Pleadings on Claims Based on Allegations of Educational Malpractice (Doc. #83), High-Tech Institute's Motion for Partial Judgment on the Pleadings on Plaintiffs' Missouri Merchandising Practices Act Claim (Doc. #85), and High-Tech Institute's Motion for Partial Judgment on the Pleadings on Fraud Claims Based on Representations of Third-Party Future Action (Doc. #90).

### I. Background

Plaintiffs are individuals who formerly attended a post-secondary school owned and operated by the Kansas City High Tech Institute/Anthem College.[1] Defendant High Tech is a for-profit, vocational and technical institution. On February 2, 2012, plaintiffs filed a four-count Second Amended Complaint ("SAC"), alleging (1) fraudulent misrepresentation, omissions, and inducement; (2) violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq*. ("MMPA"); (3) negligent training and supervision; and (4) breach of contract.

---

[1] Plaintiffs allege High Tech has changed the name of its Kansas City location to Anthem College. The Court uses only High Tech throughout this Order.

Plaintiffs allege generally that they were misled by High Tech representatives about the educational programs in which they enrolled. According to plaintiffs, High Tech's actions and misrepresentations, among other things, induced them to enroll in High Tech, pay tuition, apply for student loans, purchase books, supplies, and equipment, and to otherwise attend and continue to attend the different programs offered by High Tech. High Tech offered the following programs: (1) Criminal Justice; (2) Medical Assistant; (3) Dental Assistant; (4) Surgical Technology; (5) Message Therapy; and (6) Medical Billing and Coding. Plaintiffs assert that High Tech's admissions representatives persuaded them to enroll by, among other things, representing that High Tech graduates could expect to find jobs after graduation, that High Tech graduates could expect to earn a certain starting salary following graduation, that High Tech credits would transfer to other colleges and universities, and that High Tech offered state-of-the-art training equipment.

High Tech has filed three different motions for partial judgment on the pleadings. In the first, it seeks partial judgment on claims based on allegations of educational malpractice. Second, High Tech argues partial judgment is appropriate on plaintiffs' MMPA claims because plaintiffs lack standing to bring an MMPA claim as plaintiffs did not (and cannot) sufficiently allege they purchased their education primarily for personal, family, or household purposes. Lastly, High Tech seeks judgment on the pleadings on plaintiffs' fraud claims because the alleged misrepresentations are not statements of past or existing fact, but rather are future predictions about actions to be performed by independent third-party employers or educational institutions.

II. Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after responsive pleadings have been filed. In analyzing a motion filed pursuant to Federal Rule of

Civil Procedure 12(c), the Court applies the same standard as applied when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990)(citing Morgan v. Church's Fried Chicken, 829 F.2d 10, 11 (6th Cir. 1987)).  The Court must assume that all factual allegations in the Complaint are true and must construe those allegations in favor of the plaintiff.  Klutho v. New Day Fin., LLC, 522 F. Supp. 2d 1174, 1176 (E.D. Mo. 2007).  "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law."  Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002).  The Court may not consider matters outside the pleadings; but if it does, the motion must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56.[2]

### III.  Discussion

**A. Plaintiffs' MMPA Claims**

High Tech argues the Court should grant its motion for judgment on the pleadings on plaintiffs' MMPA claims.  High Tech contends plaintiffs lack standing to bring an MMPA claim because they did not (and cannot) sufficiently allege they purchased their education primarily for personal, family, or household purposes.  See Mo. Rev. Stat. § 407.025.1.

Under the MMPA, only a "person who purchases or leases merchandise *primarily for personal, family or household purposes* and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use of employment by another person of a method, act or

---

[2] For some reason plaintiffs have filed a "Common Statement of Facts Referenced In Suggestions In Opposition to Defendant's Three Motions for Judgment on the Pleadings."  High Tech has not asked the Court to consider any materials outside the pleadings when making its decision; ergo, the Court will not treat this motion as one for summary judgment.  The Court will not consider plaintiffs' "Statement of Facts" (Doc. #105).

-3-

practice declared unlawful by section 407.020, may bring a private civil action. . . ." Mo. Rev. Stat. § 407.025.1 (emphasis added); see Gibbons v. J. Nuckolls, Inc., 216 S.W.3d 667, 669 (Mo. 2007) (en banc). Here, the parties disagree on whether plaintiffs enrolled in High Tech for personal or business purposes.

In the SAC, plaintiffs' only allegation regarding whether they enrolled in High Tech for a personal purpose can be found in paragraph 31, which states: "Plaintiffs purchased services primarily for personal purposes from defendant High Tech . . . ." This broad conclusory statement unsupported by any factual allegations is not sufficient to state a claim to relief that is plausible. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (entitlement to relief "requires more than labels and conclusions."). Beyond reciting the elements of an MMPA claim, plaintiffs' SAC offers no other allegations that indicate plaintiffs enrolled in High Tech for personal purposes. See Saey v. CompUSA, Inc., 174 F.R.D. 448, 450 (E.D. Mo. 1997) (dismissing for lack of standing the claims of an individual who purchased the product for his business).

Plaintiffs' SAC is rife with allegations suggesting that their purposes for enrolling in High Tech were business related. Indeed, plaintiffs allege they relied on High Tech's misrepresentations concerning graduate employability and graduate starting salaries. Specifically, plaintiffs allege they relied on some of the following representations: (1) employment would be located by High Tech for graduates of the High Tech criminal justice program; (2) graduates would be provided job placement assistance by High Tech such that there was guaranteed job placement in a job located by High Tech in the program field; and (3) graduates of the High Tech surgical technology program could reasonably anticipate starting hourly wages of at least $16 per hour and full-time employment. After reviewing the allegations in plaintiffs' SAC, the Court finds that plaintiffs lack standing to bring

-4-

MMPA claims because they enrolled in High Tech for business purposes.

To be clear, however, the Court is not definitively stating that enrolling in an educational institution can only be considered business related. There exists the possibility that a student may attend an educational institution for personal purposes. For example, a student could enroll in an educational institution to study Shakespeare or History, and the motivation for enrolling may be entirely personal. However, the allegations found in plaintiffs' SAC do not establish that any of the reasons plaintiffs' enrolled in High Tech were for personal purposes, thus their MMPA claims must fail as a matter of law.

**B. Fraud Claims by Third-Party Future Actions**

Next, High Tech argues plaintiffs' alleged statements of third-party future action cannot constitute fraud as a matter of law. Specifically, High Tech argues plaintiffs' allegations contained in paragraphs 13(a), 13(d), 13(e), 13(g), 16(c), 16(d), 18(b), and 18(k) concerning future employment salaries and credit transferability must be dismissed.

To establish fraud in Missouri, plaintiffs must show High Tech made a misrepresentation concerning a past or existing fact. Sindecuse v. Katsaros, 541 F.3d 801, 803 (8th Cir. 2008) (applying Missouri law) (citing Trotter's Corp. v. Ringleader Rest., 929 S.W.2d 935, 940 (Mo. Ct. App. 1996)). A plaintiff alleging fraud may not predicate his/her claim upon a statement "regarding what independent third parties will do in the future." Id. (citing Eureka Pipe, Inc. v. Cretcher-Lynch & Co., 754 S.W.2d 897, 899 (Mo. Ct. App. 1988)); see also Ryann Spencer Grp. Inc. v. Assurance Co. of Am., 275 S.W.3d 284, 290 (Mo. Ct. App. 2008) (finding that statements from insurance broker about third party insurance company paying on a policy did not constitute fraudulent misrepresentation because the statements "involve the future actions of . . . an independent third party."). "Because a

statement about future actions is really a prediction rather than a promise, this rule is just the corollary of another Missouri rule that predictions for the future are not actionable as fraudulent misrepresentation. Id. (citing Trotter's Corp., 929 S.W.2d at 940). However, an exception exists for statements made by a speaker with or who professes to have superior knowledge of the matter involved. See Dawes v. Elliston, 369 S.W.2d 285, 287-88 (Mo. Ct. App. 1963); Nichols v. Hendrix, 312 S.W.2d 163, 166 (Mo. Ct. App. 1958). In this case, plaintiffs have alleged sufficient facts, which if true, could possibly fall within the exception to the general rule. The Court believes plaintiffs should conduct discovery on these claims. High Tech's motion for judgment on the pleadings on plaintiffs' fraud claims is denied.

**C. Educational Malpractice**

Lastly, High Tech moves for partial judgment on plaintiffs' claims in paragraphs 18(c)-(f); 21(c)-(f); and 54 because they are based on allegations of educational malpractice. "In educational malpractice cases, a plaintiff sues his or her academic institution for tortiously failing to provide adequate educational services." Dallas Airmotive, Inc. v. Flightsafety Int'l, Inc., 277 S.W.3d 696, 700 (Mo. Ct. App. 2008). Like many other jurisdictions, Missouri does not recognize educational malpractice claims because there "is no duty." Id. at 699. At least four public policy grounds exist for not recognizing educational malpractice claims:

> (1) the lack of a satisfactory standard of care by which to evaluate an educator; (2) the inherent uncertainties about causation and the nature of damages in light of such intervening factors as a student's attitude, motivation, temperament, past experience, and home environment; (3) the potential for a flood of litigation against schools; and (4) the possibility that such claims will 'embroil the courts into overseeing the day-to-day operations of the schools.'

Id. at 701 (citation omitted).

The Honorable Richard Weber has explained:

> An educational malpractice claim generally requires a comprehensive review of a myriad of educational and pedagogical factors, as well as administrative policies that enter into the consideration of whether the method of instruction and choice of [teaching aids] was appropriate, or preferable. At the same time, courts have recognized claims by students for breach of contract, fraud, or other intentional wrongdoing that allege a private or public educational institution has failed to provide specifically promised educational services. Defendants are correct that a claim cannot be couched as a fraud claim merely to avoid the doctrine that precludes an educational-malpractice claim. However, a student may bring an action against an educational institution for breach of contract, fraud, or misrepresentation, if it is alleged that the institution failed to perform on specific promises it made to the student and the claim would not involve an inquiry into the nuances of educational processes and theories.

Blake v. Career Educ. Corp., No. 4:08-CV-00821-ERW, 2009 WL 2567011 (E.D. Mo. Aug. 17, 2009) (internal quotation marks and citations omitted).

High Tech highlights the following allegations in the SAC as being barred by the educational malpractice doctrine. Plaintiffs allege High Tech made certain misrepresentations, including

- Students would receive education sufficient to qualify for employment in their field of study. [SAC, ¶ 18(c)].

- Students would be provided adequate modern training aids and equipment upon which to learn. [SAC, ¶ 18(d)].

- The instructors were experienced, well-qualified experts and top-trained professionals in their field of instruction. [SAC, ¶ 18(e)].

- Classes would be restricted to a small size adequate for personalized instruction. [SAC, ¶ 18(f)].

High Tech also fraudulently omitted or concealed the following:

- Some High Tech instructors were hired without adequate experience. [SAC, ¶ 21(c)].

- Some classes would commence without an instructor. [SAC, ¶ 21(d)].

- Class instructors could, and would, change repeatedly during the semester. [SAC, ¶ 21(e)].

- That High Tech's connections/relations/associations with area health providers were or are inadequate to place students in appropriate "externship" programs necessary for students to gain the experience required to graduate and to be properly trained in their desired field of study. [SAC, ¶ 21(f)].

Lastly, plaintiffs allege,

- Defendant High Tech breached its duty and created an unreasonable risk of harm to plaintiffs by failing to adequately train, supervise, control or otherwise monitor the actions of its agents, admissions representatives, faculty, administrators, financial aid personnel and other employees and was thereby negligent. [SAC, ¶ 54].

The Court concludes, as a matter of law, that these allegations invoke the educational malpractice doctrine. These allegations are similar in nature to the allegations that were dismissed in Love v. Career Education Corporation as barred by the educational malpractice doctrine. No.4:11-CV-1585-JAR, 2012 WL 1684572 (E.D. Mo. May 15, 2012). Indeed, the allegations in plaintiffs' SAC would "involve an inquiry into the nuances of educational processes and theories." Blake, 2009 WL 2567011, *2. Specifically, plaintiffs' fraud allegations regarding the "sufficiency," "adequacy," and "quality" of their educations cannot be evaluated by the Court, even if framed as claims for fraud. Id. at *5 (allegation that institution's instructors were not qualified and lacked experience were barred by educational malpractice doctrine); Love, 2012 1684572, at *3. Therefore, the Court must dismiss plaintiffs' allegations in subparagraphs 18(c), (d), (e), and (f); 21 (c), (d), (e), and (f), and paragraph 54 as barred by the educational malpractice doctrine.

## IV. Conclusion

Accordingly, it is hereby

ORDERED that High-Tech Institute's Motion for Partial Judgment on the Pleadings on Claims Based on Allegations of Educational Malpractice (Doc. #83) is granted. It is further

-8-

Case 4:11-cv-00506-BP   Document 143   Filed 01/25/13   Page 8 of 9

ORDERED that High-Tech Institute's Motion for Partial Judgment on the Pleadings on Plaintiffs' Missouri Merchandising Practices Act Claim (Doc. #85) is granted. It is further

ORDERED that High-Tech Institute's Motion for Partial Judgment on the Pleadings on Fraud Claims Based on Representations of Third-Party Future Action (Doc. #90) is denied.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: January 25, 2013